UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Judge Chang |
| v. | ) | |
| | ) | No. 17 CR 082 |
| ALLEN YOUNG | ) | |
| | ) | |

## DEFENDANT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE OF DRUG USE BY WITNESSES

NOW COMES, Defendant, ALLEN YOUNG, by and through his undersigned counsel, MICHAEL P. SCHMIEGE, files the following Motion *in Limine* to Admit Evidence of Drug Use by Witnesses in the present case, and states as follows:

**FACTUAL BACKGROUND**

On January 7, 2017, an alleged victim, MINOR D, was picked up by government officials and taken to the Dirksen Federal Building because she was scheduled to testify before the Grand Jury. Upon her arrival, however, government officials noticed that she appeared to under the influence of an unknown substance. When confronted, MINOR D admitted that she had smoked marijuana earlier that same morning. In addition, through discovery and Mr. Young's investigation it has been determine that out witnesses and alleged victims have also used illegal drugs.

**ARGUMENT**

"[E]vidence of drug use at the time of trial is clearly relevant to the matter of a witness' credibility as a possible indication of a drug-related impairment in his

ability accurately to recollect and relate factual occurrences while testifying." *United States v. Banks*, 520 F.2d 627, 630 (7th Cir. 1975) (finding that the trial court's refusal to permit the witness to answer a question about his present drug use was in error) quoting *Wilson v. United States,* 232 U.S. 563, 568 (1914).

In *United States v. Cameron*, 814 F.2d 403 (7th Cir. 1987), the trial court refused to allow defense counsel to impeach the credibility of a witness with evidence of his prior drug use for the purpose of showing that "individuals who use illegal drugs are engaged in 'a lifestyle of crime and disrespect for law' and, therefore, are likely to have no compunction about lying under oath." *Cameron*, 814 F.2d at 405. The trial court did, however, "offer to allow the defense to introduce evidence of the effect that [the witness's] drug use might have had on his memory." *Id*. The Seventh Circuit determined that "the trial court struck precisely the correct balance" in doing so. *Id*.

It is precisely for the above-discussed reasons that Mr. Young now seeks to admit evidence of past and present drug use by the witnesses. Evidence of drug use, whether it be during the time that a witness is perceiving an event or while the witness is testifying to an event, may have a profound effect on a witness's ability to accurately perceive events as they happen, understand questions that are being posed to the witness, and accurately recall the events to which the witness is testifying. Because it is a central issue to determine a witness's credibility, it is admissible.

Respectfully Submitted,

By: s/ Michael P. Schmiege
Michael P. Schmiege
Attorney for Defendant
33 East 1st Street, 2nd Floor
Hinsdale, Illinois 60521
TEL: (312) 626-2400
FAX: (312) 626-2401
IL ARDC 6287317
mikeschmiege@gmail.com

# CERTIFICATE OF SERVICE

    I, Michael P. Schmiege, attorney for Defendant, hereby certify that on December 5, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                            Respectfully Submitted,
                                            By: s/ Michael P. Schmiege
                                            Michael P. Schmiege
                                            Attorney for Defendant

Michael P. Schmiege
Law Offices of Michael P. Schmiege, PC
33 East 1st Street, Second Floor
Hinsdale, Illinois 60521
(312) 626-2400 TEL
(312) 626-2401 FAX
mikeschmiege@gmail.com
IL ARDC 6287317