**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Judge Chang |
| v. | ) | |
| | ) | No.  17 CR 082 |
| ALLEN YOUNG | ) | |
| | ) | |

---

**MOTION TO ADMIT EVIDENCE PURSUANT TO**
**FEDERAL RULE OF EVIDENCE 412**

---

NOW COMES the Defendant, ALLEN YOUNG, by and through his attorney, MICHAEL SCHMIEGE, and pursuant to Federal Rule of Evidence 412, and the Sixth and Fourteenth Amendments to the United States Constitution, respectfully moves this Honorable Court for an Order admitting evidence that the individuals who allegedly worked for him as prostitutes willingly worked as prostitutes prior to meeting Mr. Young. For the reasons set forth below, Mr. Young urges this Court to grant his motion.

The implications that follow from evidence that the alleged victims' had a history of prostitution prior to meeting Mr. Young are crucial to his defense against the charges that (1) he enticed the women in order to traffic them or, alternatively, that he (2) recklessly disregarded their ages. Consequently, the alleged victims' prior acts of prostitution should be admitted under Federal Rule of Evidence 412(b)(1)(c), which allows evidence of this nature to be admitted where its exclusion would violate a defendant's constitutional rights.

# RELEVANT FACTUAL BACKGROUND

On February 9, 2017, Mr. Young was charged with six counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a) and (b)(2). The government's case against Mr. Young is based primarily on the testimonies of the following individuals: Minor A, Minor B, Minor C, Minor D, and Minor E. As this motion is specifically related to admitting evidence of the women's acts of prostitution before meeting Mr. Young, the factual background provided will be limited to those instances.

## MINOR A

MINOR A told law enforcement she was 15 years old when MINOR B introduced her to "the stroll," the term she uses to refer to street prostitution. MINOR B asked MINOR A if she wanted to make easy money and MINOR A agreed. MINOR A stated that the first time she met Mr. Young was on the stroll at Madison and Kilpatrick with MINOR B She claimed she worked for Mr. Young from June 2014 to September 2014.

## MINOR B

MINOR B told law enforcement that she started prostituting at the age of 13 or 14 because her mother had kicked her out of the house following an argument. With no money for food, MINOR B decided to start prostituting and began doing so in the area of 5th Avenue and Kolmar. She also admitted to law enforcement that she introduced MINOR A to prostitution as a means to make money. Both she and MINOR A started prostituting and dating a client named George Koukos.

MINOR B stated she and MINOR A were working on the stroll and would go on dates together. She further explained that she met Mr. Young when he picked both of them up while prostituting. According to MINOR B, she lived with Mr. Young for a period of time at the end of 2014, during which time she claims Mr. Young took her on calls and had sex with her. MINOR B told law enforcement that she continued prostituting even after she moved out of Mr. Young's house because she needed the money.

In a July 2016 statement to law enforcement, MINOR B stated that Mr. Young asked her to work for him. In response, she stated she was working alone, and trying to make money for the Fourth of July holiday. MINOR B stated she was arrested a month earlier while working on Fifth Avenue.

**MINOR D**

MINOR D stated she was introduced to prostitution in approximately February 2015 by a female named India. She admitted to going on both in-calls and out-calls, and that she did two out-calls per day, three to four days a week. MINOR D started posting on backpage.com because she "wanted to make some money" at the age of 15. (Grand Jury Tr., p. 7, May 5, 2016). MINOR D further stated that she was introduced to Mr. Young approximately one year later, after she had already engaged in acts of prostitution. Since first being introduced to backpage.com, MINOR D has gone on approximately 30 out-calls.

**ARGUMENT**

The alleged victims' prior involvement in prostitution must be admitted under Federal Rule of Evidence 412(b)(C) in order to protect Mr. Young's

3

constitutional rights; namely, the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. The Sixth Amendment provides "[i]n all criminal prosecutions the accused shall enjoy the right…to be confronted with the witnesses against him; [and] to have compulsory process for obtaining witnesses in his favor." U.S. Const. VI. The Due Process Clause of the Fourteenth Amendment has been interpreted to allow a defendant the right to present exculpatory evidence. *Chambers v. Mississippi*, 410 U.S. 284, 295-97 (1973) (a state cannot violate a defendant's rights under the Fourteenth Amendment by restricting a defendant from examining a witness through the strict application of evidentiary rules). Applying those principles to this case, Federal Rule of Evidence 412(b)(1)(C) warrants the admission of the women's prior voluntary acts of prostitution to establish Mr. Young's reasonable belief that the women were over the age of 18.

Rule 412, often referred to as the "rape shield law," states that the following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct: (1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition. Fed. R. Evid. 412(a). The principal purpose of FRE 412 is to protect alleged victims of sexual crimes from degrading and embarrassing disclosure of intimate details about their private lives. The rule is simultaneously designed to protect a defendant's constitutional right to present an adequate defense by offering relevant and probative evidence.

As such, Rule 412(b) recognizes certain exceptions and provides, in relevant part, that a court may admit the following evidence in a criminal case: "evidence the

exclusion of which would violate the constitutional rights of the defendant." Fed. R. Evid. 412(b)(1)(C).

Under subdivision (b)(1)(C), evidence of specific instances of conduct may not be excluded if the result would deny a criminal defendant the protections afforded by the Constitution. Fed. R. Evid. 412 Advisory Committee Notes.

If a party intends to offer evidence pursuant to Rule 412(b), the party must comply with the procedural requirements set forth in Rule 412(c). Specifically, Rule 412(c) provides:

> (1) A party intending to offer evidence under subdivision (b) must —
> (A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered;
>
> (B) do so at least 14 days before trial unless the court, for good cause, sets a different time;
>
> (C) serve the motion on all parties; and
>
> (D) notify the victim or, when appropriate, the victim's guardian or representative.
>
> (2) Before admitting evidence under this rule, the court must conduct an in camera hearing and give the victims and parties a right to attend and be heard. The motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise.

Fed. R. Evid. 412(c).

### 1. The Alleged Victims' Prior Voluntary Acts of Prostitution are Relevant and Admissible Under the Federal Rules of Evidence.

Evidence that Mr. Young's alleged victims engaged in acts of prostitution prior and subsequent to meeting him is relevant to the core issues of Mr. Young's defense against the charges that he trafficked minors. To that end, evidence that the women voluntarily engaged in prostitution is material, relevant, and favorable

to Mr. Young's state of mind and whether or not he recklessly disregarded their ages. If the individuals were engaging in prostitution, it is reasonable to assume they told their clients they were at least 18 years old and that their clients believed them – or without giving an age, their clients reasonably believed them to be at least 18 years old. Consequently, it is reasonable to assume that Mr. Young likewise believed the women were at least 18 years old. Thus, Mr. Young seeks to introduce the alleged victims' prior involvement in prostitution not as propensity evidence, but, rather, to demonstrate his reasonable belief that the women were not minors. This evidence will not be used for any reason other than to demonstrate Mr. Young's reasonable belief regarding the alleged victims' ages.

The relevance of these specific instances of the women's past sexual history is not outweighed by its prejudice and, as such, should be admitted. Pursuant to FRE 402, "all relevant evidence is admissible." Relevant evidence "is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. The court will admit such evidence as long as its probative value is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or undue delay. Fed. R. Evid. 403. The probative value of admitting specific instances of the alleged victims' prostitution is not substantially outweighed by the danger of unfair prejudice because (1) the evidence will be used for the specific purpose of establishing Mr. Young's state of mind and (2) it is central to Mr. Young's defense of the government's charges.

### 2. Excluding Evidence of Prior Voluntary Prostitution, Which Was Known to Mr. Young and Thus Material to His State of Mind, Would Violate Mr. Young's Constitutional Rights.

Evidence of the alleged victims' prior involvement in prostitution must be admitted in order to protect Mr. Young's constitutional rights, because the evidence goes to the core of Mr. Young's defense against the government's charges that he trafficked minors. In order to establish a violation of § 1591(a), the government must prove that Mr. Young recruited, enticed, harbored, transported, provided, obtained or maintained a person, knowing or recklessly disregarding the fact that the person was a minor under the age of 18 and would be caused to engage in a commercial sex act. 18 U.S.C. § 1591(a). The offense must also affect interstate commerce. *Id.* Thus, Mr. Young's defense against these charges must refute the government's claims that he persuaded his alleged victims to engage in prostitution and, in doing so, that he recklessly disregarded the fact that the alleged victims were minors.

The most probative evidence of Mr. Young's reasonable belief that his alleged victims were of legal age is to offer evidence of their prior voluntary acts of prostitution. Only then will Mr. Young have the opportunity to defend himself by explaining that he assumed they were at least 18 years old because he met them while they were "on the stroll" or knew they had prostituted themselves in the past.

Indeed, there is ample reason for Mr. Young to believe that the alleged victims *were* at least 18 years old because they voluntarily engaged in prostitution. MINOR B testified that she started prostituting in order to make money. She also admitted to law enforcement that she introduced MINOR A to prostitution as a

7

means to make money. According to MINOR D's grand jury testimony, she started posting on backpage.com at the age of 15 because she "wanted to make some money." (MINOR D Grand Jury Tr., p. 7, May 5, 2016). MINOR D further stated that she was introduced to Mr. Young approximately one year later, after she had already engaged in acts of prostitution. Even though she only went on one out-call with Mr. Young, she admitted to having gone on 30 out-calls since first being introduced to backpage.com, which demonstrates that she engaged in many acts of prostitution before and after she met Mr. Young.

      The alleged victims' clients would certainly testify that they believed the girls were at least 18 years old. The alleged victims themselves will have to admit that they represented to their clients that they were of legal age because it would not be financially beneficial to do otherwise. MINOR A's regular client, who is alleged to be a medical doctor – would have specific knowledge and training regarding age and human development – and his involvement with MINOR A further shows that other Mr. Young did not reckless disregard the age of the alleged victims. In addition, an individual by the name George Koukos made a Facebook post bragging about his intimate relationship with both MINOR B and MINOR A. Certainly this shows that individuals other than Mr. Young believed that MINOR B and MINOR A were not minors. Along the same lines, MINOR A told law enforcement that she had another regular client named Drew and that he was approximately 27 years old and that she stayed at Drew's house quite a bit. Continuing along those same lines, in September 2014 MINOR A was arrested for prostitution by the Cook County

Sheriff's Police and according to law enforcement reports in was not immediately obvious that MINOR A was in fact a minor.

If the jury is not allowed to hear about the specific instances of prostitution, Mr. Young will not be able to refute the claims made by certain of the alleged victims that he knew they were underage. The exclusion of evidence "abridge[s] an accused's right to present a defense" when "(1) the testimony would have been 'both material and favorable' to [his] defense, and (2)...the exclusion was 'arbitrary' or 'disproportionate' to the evidentiary purpose advanced by the exclusion." *Harris v. Thompson*, 698 F.3d 609, 627 (7th Cir. 2012) (citations omitted). If the trial court excludes the information concerning the alleged victims' prior histories, it will prevent Mr. Young from presenting his most "material and favorable" state-of-mind evidence. *Harris*, 698 F.3d at 627. Mr. Young's belief that his alleged victims were at least 18 years old is based on his knowledge at the time that the women had previously chosen to prostitute themselves.

In addition, prohibiting evidence of the alleged victims prostitution subsequent to meeting and allegedly working for Mr. Young will prevent Mr. Young from full cross-examining and impeaching the witnesses regarding their statements to law enforcement. Furthermore, prohibiting Mr. Young from introducing this evidence will prevent the jury from learning the circumstances in which Mr. Young met MINOR B, MINOR A and MINOR D

By its own terms, Rule 412 excludes only evidence "*offered to prove* that a victim engaged in other sexual behavior" or "*offered to prove* a victim's sexual predisposition." Fed. R. Evid. 412(a) (emphases added). Young, however, does not

9

argue he should have been able to "offer" evidence of the alleged victims' prostitution histories in order "to prove that a victim" actually did engage "in other sexual behavior," or "to prove" that a victim actually had a particular "sexual predisposition." Fed. R. Evid. 412(a). Rather, he should have been permitted to "offer" the evidence of the alleged victims' prostitution "to prove" his *own state of mind* and the reasonableness of his belief with regard to the issue of age. In that sense, it is like other rules of evidence where admissibility turns on the *purpose* for which the evidence is offered. The evidence here is analogous to the hearsay rules in that the evidence is admissible not "to prove the truth of the matter asserted" (*i.e.*, to establish actual sexual behavior occurred), *see* Fed. R. Evid. 801(c)(2), but rather to establish what was communicated to the defendant and therefore informed his understanding. Likewise, Federal Rule of Evidence 404(b) bars evidence of other acts "to prove a person's character," but the "evidence may be admissible for another purpose," such as "knowledge." So too here, the fact that the evidence here is "offered to prove" Young's state of mind, and not a fact prohibited by Rule 412, is dispositive.

Mr. Young is not seeking to introduce the evidence as character or propensity evidence but, rather, for the limited purpose of establishing his state of mind to defend against the elements of the government's charges. According to a leading treatise on the matter, "evidence" is excluded by Rule 412 only if it is "offered to prove" behavior or predisposition. Evidence that is "offered for some legitimate purpose is not inadmissible merely because it tends to prove something else." 23 Charles Alan Wright et al., Fed. Prac. & Proc. Evid. § 5384.1 (3d ed. 2016). There is

a difference between admitting evidence to prove sexual behavior and to prove state of mind. Mr. Young is respectfully asking that this Honorable Court admit the evidence to establish the latter.

> 3. **The Relevant Purpose for the Admission of Prior Acts of Prostitution in Young's Case is Distinguishable from Relevant Purposes That The Seventh Circuit has Found to be Inadequate and Improper.**

The relevant purpose of admitting evidence of prior acts of prostitution is a key factor when determining their admissibility and must be examined carefully. The importance of this key factor is illustrated in *United States v. Carson*, No. 15-3421(7th Cir. 2017), which is distinguishable from Mr. Young's case.

In *Carson*, the defendant was also charged with violating 18 U.S.C. § 1591(a): three counts of the "coercion" provision ("[w]hoever knowingly— in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act" *Carson*, No. 15-3421 at ¶19) *and* one count of the "age" provision ([w]hoever knowingly— in reckless disregard of the fact…that the person has not attained the age of 18 years." *Id*.). Despite the fact that the Government was not required to prove that all four victims were coerced into engaging in commercial sex acts (due to the charged count containing the "age" provision), the defendant in *Carson* moved to admit evidence as proof that he did not coerce any of the four victims into engaging in such acts. In moving to admit the victims' prior acts of prostitution, "Carson argued that evidence of his awareness of the victim's past prostitution had a direct bearing on his defense, that he

subjectively believed that the women were not coerced into engaging in commercial sex acts, but rather did so willingly." *Id*. at ¶23. The Seventh Circuit determined that this was not a relevant purpose to admit the prior acts of prostitution, specifically because it was "not relevant to Carson's *mens rea*." *Id*. In Mr. Young's case, however, there is no such attempt to introduce or argue propensity evidence.

The *mens rea* at issue in Mr. Young's case is entirely different from the *mens rea* at issue in *Carson*. The *mens rea* at issue in *Carson* concerned Carson's awareness of force, fraud, or coercion against his victims. The *mens rea* at issue in Mr. Young's case, however, concerns Mr. Young's awareness of the age of the alleged victims. Mr. Young is not moving to admit the alleged victim's prior acts of prostitution for the purpose of showing that he did not coerce them into committing commercial sex acts. This evidence has nothing to do with the propensities of the alleged victims and has everything to do with the fact that he did not know the alleged victims were underage, nor did he recklessly disregard that fact. The underage girls were engaging in activities, which can only be described as "adult" activities. Mr. Young's knowledge that they were engaging in these adult activities is evidence of the fact that he did not have reason to believe they were under the age of 18. As such, he should be permitted to introduce this evidence.

4. **Exclusion of the Proposed Evidence Would Violate Young's Sixth Amendment Right to Present a Complete Defense.**

Even if this Court were to construe Rule 412(a) broadly to bar evidence of prior prostitution when offered to prove the defendant's state of mind, the Constitution nevertheless requires the evidence to be admitted here. The drafters of

Rule 412 recognized that limits on the admissibility of evidence of sexual acts have the potential to infringe upon a defendant's constitutional rights, and thus created an express exception where exclusion of the evidence "would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C). That applies here.

The Sixth Amendment guarantees criminal defendants "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quotation marks omitted). This Court has held that, when a defendant has a "substantial interest" in eliciting evidence as part of his defense, a court "must weigh the legitimate state interests" against the defendant's interest. *Harris v. Thompson*, 698 F.3d 609, 634 (7th Cir. 2012) (finding a Sixth Amendment violation and reversing the denial of habeas relief). The exclusion of evidence may not be "'arbitrary or disproportionate' to the interests served by [an evidentiary] rule." *Id.* at 639. As this Court has stated explicitly, "a rape shield statute cannot constitutionally be employed to deny the defendant an opportunity to introduce vital evidence." *Sandoval v. Acevedo*, 996 F.2d 145, 149 (7th Cir. 1993).

There can be no doubt that the evidence of the alleged victims' prior prostitution is "vital" to Young's defense—evidence of Young's state of mind is virtually the *only* defense that could have been presented at trial. Young's knowledge of the alleged victims' history was a *major* reason he would not have known (or recklessly disregarded) that the alleged victims were underage.

The Constitution does not permit the exclusion of such probative state-of-mind evidence. New Mexico's Supreme Court recently reversed a conviction on exactly this basis when a rape-shield statute had prevented the defendant from

13

presenting evidence of a prior sexual relationship. The court emphasized that it was reversing not because that evidence was relevant "to Victim's propensity or her state of mind"—*actual* consent—but rather because "it goes solely to [the defendant's] own thinking (specific intent)." *State v. Montoya*, 333 P.3d 935, 944 (N.M. 2014). The court held that the exclusion violated the defendant's Sixth Amendment rights to present "a full and fair defense and to effectively cross-examine the victim." *Id*. at 946. So too here.

By contrast, admitting the evidence here would not have undermined the "interests served by" Rule 412. *Harris*, at 639. The Rule is intended to serve many salutary goals, including "safeguard[ing] the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Advisory Committee's Notes on Fed. R. Evid. 412, 28 U.S.C. app., p. 378 (2014).

Such concerns were not implicated here. The three alleged victims with prior prostitution history were already testifying at length about their prostitution activities, including their admittedly voluntary initial decisions to work for Young. Any invasion of privacy or potential embarrassment from questions about their conversations with Young would have been minimal. Moreover, all three already have public criminal records including prostitution. And their participation in prostitution has been *inherently* public in that their ways of attracting customers— online ads or walking the streets—were public. *Cf. Wood v. Alaska*, 957 F.2d 1544,

1552 (9th Cir. 1992) ("The state cannot claim M.G. has a privacy interest in [pornography] acts that were fully intended to be public.").

Rule 412 also aims to "encourag[e] victims to come forward to report criminal acts." Advisory Committee's Notes on Fed. R. Evid. 412, 28 U.S.C. app., p. 378 (2014). The government may argue that the alleged victims would have been less likely to report the allegations if they anticipated cross-examination about other prostitution activities. But since in this case the alleged victims spoke openly with the FBI and grand jury about these activities, it does not appear that they were concerned about being prosecuted for these acts or keeping them secret.

Given the existing scope of their testimony, there would have been little harm in allowing the defense to ask MINOR B, MINOR A, and MINOR D questions about their prior history. Because of the great importance of that testimony to Young's defense, its exclusion will violate his Sixth Amendment rights.

## **CONCLUSION**

The specific instances of the alleged victims' past sexual histories of prostitution, the details of which were provided by the women themselves, are relevant and of such probative value to Mr. Young's defense that the evidence outweighs any danger of unfair prejudice. The evidence would be used for the limited purpose of establishing Mr. Young's reasonable belief that the alleged victims were 18 years or older and, moreover, to counter their testimonies that Mr. Young knew they were minors. This, in turn, would demonstrate that Mr. Young did not recklessly disregard the fact that the alleged victims were, in fact, minors. Having complied with Rule 412's procedural requirements, the specific instances of

15

the women's voluntary acts of prostitution should be permitted to safeguard Mr. Young's constitutional rights and this Honorable Court must admit the evidence to maintain the narrative integrity of Mr. Young's case.

Respectfully Submitted,

By: s/ Michael P. Schmiege
Michael P. Schmiege
Attorney for Defendant
33 East 1st Street, 2nd Floor
Hinsdale, Illinois 60521
TEL: (312) 626-2400
FAX: (312) 626-2401
IL ARDC 6287317
mikeschmiege@gmail.com

## CERTIFICATE OF SERVICE

I, Michael P. Schmiege, attorney for Defendant, hereby certify that on December 6, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully Submitted,<br>
By: <u>s/ Michael P. Schmiege</u><br>
Michael P. Schmiege<br>
Attorney for Defendant

Michael P. Schmiege
Law Offices of Michael P. Schmiege, PC
33 East 1st Street, Second Floor
Hinsdale, Illinois 60521
(312) 626-2400 TEL
(312) 626-2401 FAX
mikeschmiege@gmail.com
IL ARDC 6287317