UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Judge Chang |
| v. | ) | |
| | ) | No.   17 CR 082 |
| ALLEN YOUNG | ) | |
| | ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF SPECIAL AGENT CARRIE LANDAU**

NOW COMES, Defendant, ALLEN YOUNG, by and through his undersigned counsel, MICHAEL P. SCHMIEGE, files the following Motion *in Limine* to Exclude the Testimony of Special Agent Carrie Landau, and states as follows:

## INTRODUCTION

Mr. Young has been charged with four counts of violating 18 U.S.C. 1591(a) and (b)(2) and two counts of attempting to violate the same statute. Most relevant to the considerations that are addressed within this motion, it is alleged within the indictment that Mr. Young committed and attempted to commit the following acts:

(1) "enticed, harbored, transported, provided, obtained, and maintained by any means a person," and

(2) "benefitted financially and by receiving anything of value from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means" that same person, and

(3) "knowing and in reckless disregard of the fact that Minor A had attained the age of 14 years but had not attained the age of 18 years

old and would be caused to engage in a commercial sex act."

The Government seeks to call Special Agent Carrie Landau ("Landau") as an expert witness to testify to the following: (1) typical means sex traffickers use to target, recruit, manipulate, and maintain victims; (2) contributing factors that can make victims more susceptible to influence by sex traffickers; (3) common other information about the subculture of sex trafficking, including the meaning of certain terms and the use of websites such as backpage.com; and (4) common dynamics between sex traffickers and their victims and between the multiple victims that may be working for a sex trafficker at a given time.[1]

## ARGUMENT

Landau's testimony should be excluded at trial because it will not be helpful to the jury, it is not relevant, it is substantially more prejudicial than it is probative, will improperly bolster the testimony of fact witnesses and does not meet the procedural requirements.

### I. Special Agent Landau's Testimony Cannot Satisfy Requirements Under FRE 702.

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;

---

[1] Exhibit 1 (Government's Expert Disclosure), page 2.

>(c) the testimony is the product of reliable principles and methods; and
>
>(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

      **A.    Landau's Testimony Will Not Assist The Trier Of Fact**

"The district court must exclude 'expert testimony related to matters which are obviously ... within the common knowledge of jurors.'" *United States v. Fuertes*, 805 F. 3d 485, 495 (4th Cir. 2015) quoting *United States v. Lespier*, 725 F.3d 437, 449 (4th Cir.2013). Here, the Government seeks to admit testimony concerning "common other information about the subculture of sex trafficking, including the meaning of certain terms and the use of websites such as backpage.com." Based on her prior testimony on a similar topic, Landau is expected to define terms such as "pimp" and euphemisms for prostitution such as "escorts."[2] These terms, however, are just what the Government has described them as in their disclosure - common. These are words that average adult jurors can understand and connotations that jurors can easily surmise within the context in which they are presented. If a fact witness testifies that an advertisement was posted with a photograph, contact information, and language offering "services," that she received a call on the phone number that was posted, and she then engaged in a commercial sex act with the caller, they have enough information to make a determination as to what happened.

---

[2] Exhibit 2 (Transcript of Landau's testimony in United States v. Cosby), p. 11-13.

3

Furthermore, Landau need not explain at length what backpage.com is. Jurors understand what advertisements are, no further explanation as to the specific medium through which they were advertised is needed. These are subjects well within the purview of the average adult. Any explanation by an expert witness will cause the expert to usurp the function of the jury and improperly bolster the testimony of fact witnesses.

"While expert testimony may be used to 'assist the trier of fact to understand the evidence or to determine a fact in issue,' Fed.R.Evid. 702, an expert witness may not usurp the jury's function to weigh evidence and make credibility determinations." *United States v. Farrell,* 563 F.3d 364, 377 (8th Cir. 2009) quoting *United States v. Azure*, 801 F.2d 336, 339-40 (8th Cir. 1986). Explanation of concepts already understood will cause this prohibited effect. Landau's testimony will improperly influence a critical function of the jury-whether the government's witnesses are credible. It is well settled that, "[a] fundamental premise of our system of trial in both civil and criminal cases is that determining the weight and credibility of witness testimony is for the jury, who are presumed to be fitted for the task by their natural intelligence and their practical knowledge of the affairs of life." *Richman v. Sheahan*, 415 F. Supp. 2d 929, 941-42 (N.D. Ill. 2006) citing *United States v. Scheffer,* 523 U.S. 303, 313 (1998). "It is the exclusive province of the jury to determine the believability of a witness . . . . An expert is not permitted to offer an opinion as to the believability or truthfulness" of a witness's story. *United States v. Hall*, 165 F.3d 1095, 1107 (7th Cir. 1999). Here, the

4

government's use of Landau is exactly for that purpose, but has been thinly veiled as "necessary" to explain the terminology and subculture of prostitution.

Any facts, vernacular, or "subculture" information necessary for the jury to hear should come only from government's prostitute/witnesses, who have first-hand personal knowledge and live it every day. It is wholly unnecessary to have Landau define the "language of the streets" when the "vocabulary" the government seeks to have Landau define can just as easily be explained by the prostitute/witnesses themselves.

"Expert testimony must be factually linked to the case in order to meet Rule 702's 'helpfulness' requirement." *United States v. Gallardo*, 497 F.3d 727, 733 (7th Cir. 2007). The evidence that the Government seeks to elicit from Landau is not factually linked to the present case. At first glance, it appears that section (a) of Rule 702 is satisfied because Landau will testify on the subject of sex trafficking. However, upon closer examination, it is clear that the sub-topics upon which Landau will testify are not factually linked to the allegations contained within the indictment. For example, there is no allegation that Mr. Young forced or coerced any of the alleged victims into engaging in commercial sex acts. The words "force" and "coerce" do not appear anywhere within the six-count indictment. The presence or absence of these acts is not at issue. Even if the jury was to make a factual determination that Mr. Young did not coerce the alleged victims, he could still be found guilty of the charged offenses. Additionally, there is no evidence to suggest that Mr. Young manipulated or maintained any of the alleged victims. The evidence indicates that of the alleged victims came and went as they pleased, to and from

5

various locations and residences. Furthermore, there is no evidence to suggest that Mr. Young enticed the alleged victims, especially the alleged victims who had engaged in commercial sex acts before even meeting Mr. Young. On the contrary, the evidence suggests that these alleged victims would have carried on engaging in commercial sex acts, even if they had never met Mr. Young. Especially with respect to the alleged victims referred to in the attempt charges against Mr. Allen, he cannot be said to entice an individual into an activity in which that individual is already an active participant. Therefore, testimony related to the way that victims are coerced or manipulated into engaging in commercial sex acts, and unrelated to the charged conduct, cannot be admitted.

### B. Special Agent Landau's Testimony Does Not Address A Material Fact At Issue And Can Only Serve To Prejudice The Jury Against Mr. Young

"Relevant evidence is defined as that which has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule 401." *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 587 (1993) (internal quotation marks omitted). Landau's testimony will not be relevant for the same reasons, as discussed above, it will not be helpful to the jury. "When an expert's testimony does not relate to an issue in the case, it is 'not relevant and, ergo, non-helpful.' *Id.* at 591.

Expert testimony about matters that are not at issue is not admissible. *United States v. Abdush-Shakur*, 465 F.3d 458 (10th Cir. 2006) (affirming the trial court's exclusion of an expert witness set to testify about a "generic culture of

6

violence in prisons"). The present situation is similar to that in the case of *Abdush-Shakur*. Landau is going to testify to the generic culture of sex trafficking and how it operates, rather than the specific issues that the Government is alleging. As this Court is well aware, sex trafficking is encompasses a multitude of diverse, complicated issues and practices, and is certainly not a "one size fits all" type of culture. By testifying to a culture that engages in conduct not alleged within the present case, Landau would be testifying to information that is not relevant. Furthermore, any testimony about sex-trafficking practices that were not alleged to occur within the present case would inflict substantial prejudice upon Mr. Young.

"Rule 403 permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Daubert*, 509 U.S. at 595. By testifying to practices in which Mr. Young is not even alleged to have engaged, Landau will cause the jury to confuse the issues. The detailed explanations of horrific practices of sex trafficking that did not even allegedly occur in the present case will enflame the passions of the jury and cause them to blur the lines between the testimony given by fact witnesses and the generic explanations of the expert witness.

"Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses." *Id*.

    **C.**    **Landau's Approach Lacks Any Methodology And Is Unreliable**

7

Overall, "[t]he goal of Daubert is to assure that experts employ the same 'intellectual rigor' in their courtroom testimony as would be employed by an expert in the relevant field." *Jenkins v. Bartlett*, 487 F.3d 482, 489 (7th Cir. 2007) quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1998). However, Landau's CV and prior testimony has failed to demonstrate anything resembling "intellectual rigor." Rather, she has learned to recognize patterns and assign meaning to them without testing those conclusions. There is no evidence that her training was based on research and that her conclusions were reached by using sound, reliable reasoning. Although she has interviewed many alleged victims, this experience is insufficient to regard her as an "expert" in her field. There is no evidence that this method of talking with individuals is generally accepted or considered *scientifically reliable* in the medical, forensic, or social science community. In fact, personal observations are insufficient to establish methodology. See *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090 (7th Cir. 1994); *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

The government must show that "the scientific theories underlying [an expert's] testimony must be *scientifically valid* in order for [her] testimony to be admissible as scientific knowledge." *United States v. Hall*, 165 F.3d 1095, 1102 (emphasis added). Landau's proposed testimony revolves around the understanding of human behavior, but there is no evidence to suggest that her conclusions are scientifically based within the studies of psychology or sociology. These social sciences rely upon conclusions drawn in peer-reviewed publications after structured studies of statistically-significant sample groups. There is no evidence that Landau

8

has complied with any such scientific rigor. In fact, Landau's curriculum vitae lacks any reference to systematically collected and studied data from sex trafficking victims whatsoever. Because there is no demonstrated methodology to determine the validity of Landau's opinions and conclusions, she cannot testify as an expert on the subject of sex trafficking.

II. **Landau's Testimony Should Be Excluded As Irrelevant And Unduly Prejudicial Under Rules 401 And 403 Because It Is Being Offered Only To Improperly Establish That Prostitution Is An Ugly Social Ill And Sully Mr. Young's Character**

Federal Rule of Evidence 401 provides that evidence is relevant where it tends to make a fact more or less probable, and that fact is material. Fed. R. Evid. 401. Rule 403 provides that relevant evidence may be excluded if the probative value is substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

As previously discussed, Landau's testimony will not concern the people or events in this case, but instead will offer oversimplifications that are not grounded in any reliable methodology or data, rendering it irrelevant to the issues at hand. Moreover, the value of Landau' testimony is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403. Landau will testify to inflammatory aspects of prostitution generally, and the social ills attendant to it. This is not remotely related to the issues at hand and will only result in undue prejudice to Mr. Young. In addition, her testimony is cumulative

9

and a waste of time, as the government's prostitute/witnesses are better equipped to explain the situation as they have been involved in this livelihood for many years, absent any allegation that Mr. Young was involved.

### III. THE COURT SHOULD PRECLUDE LANDAU'S TESTIMONY BECAUSE THE GOVERNMENT FAILED TO COMPLY WITH THE NOTICE REQUIREMENT OF FEDERAL RULE OF CRIMINAL PROCEDURE 16.

As a final matter, this court should preclude the government from calling Landau pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Among other requirements, Rule 16 requires appropriate notice of intent to call an expert, which consists of "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G).

To date, the government has provided Mr. Young with a short letter (Ex. 1), a copy of Landau's curriculum vitae (Ex. 3), and a copy of her testimony and court opinions in prior, unrelated cases (Ex. 2). This disclosure does not satisfy Rule 16(a)(1)(G). Particularly, the government has not indicated specifically how Landau's testimony relates to the facts of this case, nor tendered any opinion, bases for the opinions, or reports relating to this case. It has not revealed how Landau's testimony will assist the trier of fact in this case. Tendering prior testimony in unrelated cases is not sufficient under Rule 16 where the government fails to link it to the instant case. *See United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001) (finding that "the government's notice did not adequately summarize or describe [the expert's] trial testimony" because "[t]he Rule requires a summary of the expected testimony, not a list of topics" but the government's "notice provided a list

10

of the general subject matters . . . [and] did not identify what opinion the expert would offer on those subjects.").

Consequently, under Rule 16(d)(2), this Court should prohibit the government from introducing Landau's testimony at trial. *See United States v. Jackson,* 51 F.3d 646, 651 (7th Cir. 1995) (noting that "what was provided was the minimum notice required" and that the "government supplying anything less in the future will risk running afoul of the rule," encouraging the government to offer specific descriptions of opinions of experts and foundations for their testimony). Here, the government failed to describe what Landau's opinions are, for example, where it describes that she will opine about contributing factors that can make victims more susceptible to influence by sex traffickers (what are the contributing factors); or where she will opine about the typical means sex traffickers use to target, recruit, manipulate, and maintain victims (what are the typical means); or where she opines about common information surrounding the subculture of sex trafficking, including the meaning of certain terms (what is the common information); or where she will opine about the common dynamics between sex traffickers and their victims and between the multiple victims that may be working for a sex trafficker at a given time (what are those common dynamics). Moreover, the government's notice is void of the foundation or bases for Landau's opinions. Landau's testimony should be disallowed.

## CONCLUSION

The Government's proffered expert testimony will replace the fact-finding function that is only assigned to the jury. It will introduce issues that will only confuse and inflame the passions of the jurors. As such, it should be excluded.

Respectfully Submitted,

By: s/ Michael P. Schmiege
Michael P. Schmiege
Attorney for Defendant
33 East 1st Street, 2nd Floor
Hinsdale, Illinois 60521
TEL: (312) 626-2400
FAX: (312) 626-2401
IL ARDC 6287317
mikeschmiege@gmail.com

**CERTIFICATE OF SERVICE**

    I, Michael P. Schmiege, attorney for Defendant, hereby certify that on December 6, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                Respectfully Submitted,
                                                By: s/ Michael P. Schmiege
                                                Michael P. Schmiege
                                                Attorney for Defendant

Michael P. Schmiege
Law Offices of Michael P. Schmiege, PC
33 East 1st Street, Second Floor
Hinsdale, Illinois 60521
(312) 626-2400 TEL
(312) 626-2401 FAX
mikeschmiege@gmail.com
IL ARDC 6287317