**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Judge Chang |
| v. ) | |
| ) | No. 17 CR 082 |
| ALLEN YOUNG ) | |
| ) | |

---

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTIONS *IN LIMINE***

---

NOW COMES, Defendant, ALLEN YOUNG, by and through his undersigned counsel, MICHAEL P. SCHMIEGE, files the following response to the government's consolidated Motions *in Limine*, and states as follows:

The government filed consolidated motion *in limine* and the defendant will address those in the order in which they appeared in the government motion and by subject matter where appropriate.

Government motions *in limine* II, III & IV:

**II. THE COURT SHOULD ADMIT AS DIRECT EVIDENCE TESTIMONY ABOUT THE INVOLVEMENT OF ADULTS IN THE MINOR VICTIMS' TRAFFICKING.**

**III. THE COURT SHOULD ADMIT AS DIRECT EVIDENCE TESTIMONY ABOUT DEFENDANT'S SEX ACTS WITH MINORS.**

**IV. THE COURT SHOULD ADMIT EVIDENCE OF MINOR C'S WORK FOR DEFENDANT AS EVIDENCE OF DEFENDANT'S IDENTITY, PURSUANT TO RULE 404(B).**

On December 20, 2017 the government filed a Santiago proffer seeking to admit coconspirators statement. In addition, the government also responded to the defense motion to admit evidence pursuant to FRE 412. It is the Defendants position that the above-referenced motions filed by the government as well as their recently filed Santiago proffer and FRE 412 motion are all intertwined. Therefore, the defendant will respond to all of the above in a consolidated motion.

**V. DEFENDANT SHOULD BE PRECLUDED FROM OFFERING SELF-SERVING OUT- OF-COURT STATEMENTS.**

The defense agrees with the general legal principles cited by the government and will seek leave of court to introduce any out of court statements by the defendant prior to doing so. It should be noted that as of the date of this filing the defense has not received the portions of the defendant's statement that the government wishes to introduce. Once the defendant receives that information he will be in a much better position to respond to this motion and inform the Court what out of court statements he believes are admissible.

**VI. FORMS OF ARGUMENT OR EVIDENCE DESIGNED TO ELICIT JURY NULLIFICATION ARE INADMISSIBLE.**

**A. Penalties Faced by the Defendant Should Be Inadmissible.**

No objection – however the defendant reserves his right to challenge this motion based upon how the evidence comes in.

**B. Arguments or Questioning Regarding the Government's Charging Decisions Should Be Precluded.**

No objection – however the defendant reserves his right to challenge this motion based upon how the evidence comes in.

**C. Argument or Evidence of Outrageous Government Conduct Should Be Precluded.**

No objection – however the defendant reserves his right to challenge this motion based upon how the evidence comes in.

**D. Ignorance of the Law**

No objection – however the defendant reserves his right to challenge this motion based upon how the evidence comes in.

**VII. THE COURT SHOULD EXCLUDE EVIDENCE AND ARGUMENT CONCERNING LAWFULNESS AND NON-CORRUPT CONDUCT.**

No objection – however the defendant reserves his right to challenge this motion based upon how the evidence comes in.

**VIII. THE COURT SHOULD BAR ALLEGATIONS OF WITNESS WRONGDOING NOT RESULTING IN A CONVICTION AND NOT INVOLVING DISHONESTY.**

**A. Arrests or Conduct Not Resulting in Conviction.**

The defendant will seek to admit certain arrests or conduct not resulting in conviction discussed in the FRE 412 motion and will further respond to this government motion in his reply as discussed above – concerning government motions II, III, IV and the Santiago proffer.

**B. Misdemeanor and Juvenile Convictions.**

Minor C has a juvenile conviction for aggravated battery in a public place, and government witness Raven Aikens has juvenile convictions for aggravated robbery. Such a conviction is admissible only if "an adult's conviction for that offense would be admissible to attack the adult's credibility" and "admitting the evidence is necessary to fairly determine guilt or innocence." *United States v. Hines*, 398 F.3d 713, 716 (6th Cir. 2005);

*United States v. Williams*, 963 F.2d 1337, 1341 (10th Cir. 1992). The defendant believes that these convictions are admissible and will seek to cross-examine the witnesses concerning those convictions.

**C. Other "Bad" Acts.**

The government proposes, and the defendant has no objection to, that: "So that the Court can make the appropriate rulings, before a witness testifies, and outside the presence of the jury, defense counsel should identify the prior "bad acts" about which they intend to cross examine a given witness and demonstrate how that conduct is probative of truthfulness."

## IX. THE COURT SHOULD PRECLUDE THE DEFENSE FROM QUESTIONING THE GOVERNMENT'S PROPOSED EXPERT, SPECIAL AGENT LANDAU, ABOUT THE DEFENSE'S MOTION FOR MISTRIAL IN A PRIOR TRIAL

The defendant filed a motion in *limine* seeking to strike the governments alleged expert. The government filed a response to that motion on the date of this filing. The defendant will rely to that response and address this issue in that reply motion.

## X. THE COURT SHOULD PERMIT THE GOVERNMENT TO IMPEACH DEFENDANT WITH HIS PRIOR FELONY CONVICTION IF HE TESTIFIES.

"[W]hen the testifying witness is also the defendant in a criminal trial, the prior conviction is admitted only 'if the probative value of the evidence outweighs its prejudicial effect to that defendant.' Fed.R.Evid. 609(a)(1)(B). This reflects a heightened balancing test and a reversal of the standard for admission under Rule 403. Commentators have observed that structuring the balancing in this manner creates a 'predisposition toward exclusion. An exception is made only where the

prosecution shows that the evidence makes a tangible contribution to the evaluation of credibility and that the usual high risk of unfair prejudice is not present.'" *United States v. Caldwell*, 760 F.3d 267, 286 (3rd Cir. 2014) quoting Wright & Gold, *Federal Practice and Procedure* § 6132, at 216-217. Thus, the analysis begins with a predisposition toward exclusion of the conviction.

Here, the government has shown a tangible, however slight, contribution to the evaluation of the Defendant's credibility. While a felony conviction has been upheld as relevant to the issue of credibility, the fact that Mr. Young's conviction is not related to a crime of dishonesty lessens its impeachment value, see *United States v. Causey*, 9 F.3d 1341, 1344 (7th Cir. 1993); *Caldwell*, 760 F.3d at 286 ([c]rimes of violence generally have lower probative value in weighing credibility). But the government has certainly failed in showing that the unusual high risk of unfair prejudice is not present. In the present case, Mr. Young's character is particularly susceptible due to the sensitive nature of the charges and accusations. The subject matter surrounding the trial is likely to heighten the sensitivity of the passions of the jurors. Introducing evidence of the Defendant's prior conviction will cause the jury to draw the conclusion that because Mr. Young has already committed a criminal offense, it is more likely that he has committed the criminal offense with which he is currently charged.

Furthermore, the importance of Mr. Young's testimony and credibility only supports the idea that his conviction should not be admitted. "The tactical need for the accused to testify on his or her own behalf may militate against use of

impeaching convictions. If it is apparent to the trial court that the accused must testify to refute strong prosecution evidence, then the court should consider whether, by permitting conviction impeachment, the court in effect prevents the accused from testifying." *Id.* at 287 quoting Glenn Weissenberger & James J. Duane, *Weissenberger's Federal Evidence* § 609.2 (4th ed.2001). Because the conviction only offers slight impeachment value but carries great prejudicial effect with it, it should not be admitted to introduce such an improper influence upon the jury with respect to Mr. Young's testimony.

The United States Supreme Court has recognized that even a limiting instruction cannot cure the danger of considering evidence of a Defendant's prior conviction in weighing the Defendant's guilt, rather than his credibility.

> The sharpest and most prejudicial impact of the practice of impeachment by conviction . . . is upon one particular type of witness, namely, the accused in a criminal case who elects to take the stand. If the accused is forced to admit that he has a 'record' of past convictions, particularly if they are for crimes similar to the one on trial, the danger is obvious that the jury, despite instructions, will give more heed to the past convictions as evidence that the accused is the kind of man who would commit the crime on charge, or even that he ought to be put away without too much concern with present guilt, than they will to its legitimate bearing on credibility.

*Loper v. Beto*, 405 U.S. 473, 482 n. 11 (1972) *quoting* C. McCormick, *Evidence § 43*, p. 93 (1954). The above-recognized danger indicates that the jury is likely to give *more* heed to the prejudicial effect ("evidence that the accused is the kind of man who would commit the crime on charge") than to the probative value ("legitimate bearing on credibility"), thus indicating that in cases like these, the prejudicial effect will outweigh the probative value. As such, in the present case, the

government cannot, and has not, proven that the probative value outweighs the prejudicial effect. Therefore, evidence of the Defendant's prior conviction cannot be admitted at trial.

**XI. DISCOVERY REQUESTS OR COMMENTARY IN THE PRESENCE OF THE JURY ARE IMPROPER.**

No objection – however the defendant reserves his right to challenge this motion based upon how the evidence comes in.

**XII. ARGUMENT ABOUT MISSING WITNESSES IS IMPROPER.**

No objection – however the defendant reserves his right to challenge this motion based upon how the evidence comes in.

**XIII. MOTION TO PRECLUDE EVIDENCE OR ARGUMENTS ALLEGING ALIBI, UNAVAILABILITY, OR MENTAL DEFECT.**

No objection – however the defendant reserves his right to challenge this motion based upon how the evidence comes in.

## **CONCLUSION**

For the reasons set forth above, the defendant respectfully requests that the Court deny the government's motions *in limine*.

Respectfully Submitted,

By: s/ Michael P. Schmiege
Michael P. Schmiege
Attorney for Defendant
33 East 1st Street, 2nd Floor
Hinsdale, Illinois 60521
TEL: (312) 626-2400
FAX: (312) 626-2401
IL ARDC 6287317
mikeschmiege@gmail.com

# CERTIFICATE OF SERVICE

    I, Michael P. Schmiege, attorney for Defendant, hereby certify that on December 20, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                              Respectfully Submitted,
                                              By: s/ Michael P. Schmiege
                                              Michael P. Schmiege
                                              Attorney for Defendant

Michael P. Schmiege
Law Offices of Michael P. Schmiege, PC
33 East 1st Street, Second Floor
Hinsdale, Illinois 60521
(312) 626-2400 TEL
(312) 626-2401 FAX
mikeschmiege@gmail.com
IL ARDC 6287317