UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALLEN YOUNG | No. 17 CR 82<br><br>Judge Edmond E. Chang |

### GOVERNMENT'S MOTION TO STRIKE ALLEGATIONS IN THE INDICTMENT

The UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits the following motion for leave to strike allegations in the indictment.

### I. ALLEGATIONS TO BE STRICKEN

Counts One through Four allege that defendant knowingly "recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person" (Minors A through C), in violation of 18 U.S.C. § 1591(a), and "benefitted financially and by receiving anything of value from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means" the above-mentioned minors, in violation of 18 U.S.C. § 1591(b)(2). Counts Five and Six allege that defendant attempted to "recruit, entice, harbor, transport, provide, obtain, and maintain by any means" Minors D and E, in violation of 18 U.S.C. § 1591(a), and "attempted to benefit, financially and by receiving anything of value from participation in a venture which engaged in recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining" Minors D and E, in violation of 18 U.S.C. § 1591(b)(2).

The government seeks to strike from Counts One through Six of the indictment the

allegation that defendant "recruited" or "enticed" the victims. A proposed amended indictment is attached as Exhibit A.

## II. DISCUSSION

"An indictment may be altered without resubmission to the grand jury as long as the alteration makes no material change and there is no prejudice to the defendant." *United States v. Lorefice*, 192 F.3d 647, 653 (7th Cir. 1999). Courts primarily are concerned with a change to the indictment that expands the bases upon which a defendant could be convicted or that establishes an offense different from one originally charged. *United States v. Krilich*, 159 F.3d 1020, 1027 (7th Cir. 1998); *United States v. Trennell*, 290 F.3d 881, 886 (7th Cir. 2006). The prejudice inquiry in this context focuses on defendant's rightful expectations (1) that he be informed of the charges against him; and (2) that he may be protected against another prosecution for the same offense." *Berger v. United States,* 295 U.S. 78, 82 (1935).

It is well established that the government is permitted to strike allegations not material to a defendant's guilt. For example, if a conspiracy charges more than one distinct substantive offense, the government may withdraw portions of the conspiracy charge from the jury's consideration, if the effect is to narrow the crime with which a defendant is charged. *See, e.g., Salinger v. United States*, 272 U.S. 542 (1926); *United States v. Diaz*, 690 F.2d 1352, 1356 (11th Cir. 1982) (permitting government to withdraw part of a count from jury's consideration).

Consistent with this rule, it is permissible to strike a disjunctive means of violating a statute before trial. Where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means. *See, e.g.*, *United States v. Miller*, 471 U.S. 130, 136 (1985). As a result, when a defendant is charged in an indictment conjunctively

with alternative means, any one of which will satisfy an element of the crime, the indictment may be amended without resubmission to the grand jury to eliminate one or more of the alternative means. This is true for the same reason that the government in its closing argument could argue, for example, that defendant is guilty of harboring and transporting, even if the jury doesn't find him guilty of recruiting and enticing. This allowance is not prejudicial because the defendant will not be convicted on a theory that the grand jury did not charge. *Cf. United States v. Mozie*, 752 F.3d 1271, 1283-84 (11th Cir. 2014).

The Court should allow the government to strike the allegations of recruitment and enticement from Counts One through Six. Defendant is charged with alternative theories for each count—that he (a) recruited; (b) enticed; (c) harbored; (d) transported; (e) provided; (f) obtained; or (g) maintained the minors, or benefited from the venture. Although these verbs were charged in the conjunctive—that is, the grand jury had probable cause to believe that defendant did all of these things—they are to be proven in the disjunctive. *See United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) (§ 1591(a) refers to alternative *means* of commission (emphasis in original)); *United States v. Jungers*, 702 F.3d 1066, 1072 (8th Cir. 2013) (the string of verbs in § 1591(a)(1) are disjunctive). As a result, the government could have charged defendant with engaging in some but not all of the conduct prohibited by § 1591 (*e.g., Jungers*, 702 F.3d at 1072); and it is entitled to amend the indictment to allege less, rather than more.

The result is not prejudicial to defendant. The proposed amendment does not substitute any allegations of fact or theories of prosecution. It does not enlarge the crimes with which defendant is charged. To the contrary, it narrows the bases upon which defendant potentially may be convicted.

## III. CONCLUSION

For the foregoing reasons, the government requests that the Court grant its motion. A proposed amended indictment is attached as Exhibit A.

          Respectfully submitted,

          JOHN R. LAUSCH, JR.
          United States Attorney

By: s/ Andrianna D. Kastanek
     ANDRIANNA D. KASTANEK
     CHRISTINE O'NEILL
     Assistant United States Attorneys
     219 South Dearborn St., 5th Floor
     Chicago, Illinois 60604