# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.1
### Eastern Division

UNITED STATES OF AMERICA
                Plaintiff,

v.                                        Case No.: 1:17–cr–00082
                                            Honorable Edmond E. Chang

Allen Young
                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Saturday, January 13, 2018:

    MINUTE entry before the Honorable Edmond E. Chang: On the government's motion [105] to dismiss certain means of violating 1591(a)(1), and the defense's motion [108] to continue the trial, of course both sides will have the chance to respond at the motion hearing on 01/16/2018, but the Court offers this preliminary assessment because certain deadlines are approaching and both sides are preparing for trial. The government's motion proposes a *narrowing* of the indictment, not an expansion, and dropping theories of liability is generally permissible because the number of grounds for conviction is reduced, not expanded. United States v. Miller, 471 U.S. 130, 134–36 (1985); see United States v. Rice, 520 F.3d 811, 817 (7th Cir. 2008) (even if charged in the conjunctive for purposes of notice, when the statute is written in the disjunctive, then each means is a permissible basis for conviction) (collecting many cases). It thus appears (again, subject to Defendant's response at the motion hearing) that the government's motion will likely be granted. Defendant's continuance motion argues that dropping those theories will alter the "landscape" of the trial, R. 108 at 2, so the trial should be postponed. But the indictment itself provided notice to the defense that the charges included all of the other theories in 1591(a)(1) (that is, harbors, transports, provides, obtains, or maintains), so the need to defend against those theories are been in place since the start. To be sure, in light of the Rule 412 discussion, the defense obviously was preparing against the recruit/entice theories, and perhaps strategically did not mind focusing the jury on those grounds because those are the toughest for the government to prove. But that does not mean there is any legitimate prejudice or unfair surprise to going ahead with the trial, because notice has been provided all along on the other theories. Indeed, in Miller, the government simply did not offer proof on one charged way of committing mail fraud **at trial** (there does not appear to be any pretrial notice of the omission of the other theory), yet even that did not comprise unfair prejudice. 471 U.S. at 134 ("Competent defense counsel certainly should have been on notice that that offense was charged and would need to be defended against."). Again, the Court will consider the arguments at the motion hearing, but the parties should continue to work on the trial, including any supplements ordered at the pretrial conference. Emailed notice (Chang, Edmond)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.