**UNITED STATES MINOR DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Judge Chang |
| v. | ) | |
| | ) | No.    17 CR 082 |
| ALLEN YOUNG | ) | |
| | ) | |

---

**RESPONSE TO GOVERNMENT'S MOTION TO STRIKE ALLEGATIONS IN THE INDICTMENT**

---

NOW COMES, the defendant, Allen Young, by and through one of his attorneys, Gal Pissetzky, and hereby respectfully requests that this Court deny the government's request to amend the indictment. In support thereof, the following is stated:

<u>**Legal Standard**</u>

An indictment may be altered, without recalling the grand jury, so long as the alteration makes no material change and there is no prejudice to the defendant. *United States v. Lorefice*, 192 F.3d 647, 653 (7th Cir. 1999).  In determining whether the alteration amounts to a material change that prejudices the defendant, courts apply a five-factor test. *United States v. Mankarious*, 151 F.3d 694, 700-01 (7th Cir. 1998) (citing *United States v. Cook*, 745 F.2d 1311, 1316-17 (10th Cir. 1984)). Specifically, deletions 1) may not strike any portion of the charging paragraph; 2) may not change the charged offense; 3) must be definite and certain; 4) may not take the defendant by surprise; and 5) may not prevent the defendant from introducing evidence available before the change. *Id.; see also United States v. Kegler*, 742 F.2d 190, 195 ("an indictment may be amended by the court provided that . . . any evidence the defendant had before the amendment

1

would be equally available to him after the amendment."). Nearly every factor weighs against the government's request to strike.

**Analysis**

### 1. The Alteration Strikes Portions of the Charging Paragraph and Changes the Charged Offense

The government seeks to strike from Counts One through Six of the indictment language that charges Mr. Young with "recruiting" or "enticing" the minors. In its motion, the government contends that the grand jury found there was probable cause to believe that Mr. Young recruited, and enticed, and harbored, and transported, and provided, and obtained, and maintained the minors. In other words, the grand jury found Mr. Young did each of these things. The government does not cite where the grand jury transcripts reflect such a finding, and refuses to provide Mr. Young with the portions that show the grand jury's conjunctive finding. Thus, it is unclear whether the grand jury returned a true bill finding that Mr. Young did each of those acts, or whether the grand jury found that he had only recruited and enticed. Regardless, the government is seeking to alter the charged offense.

### 2. The Alteration Prevents Mr. Young From Introducing Previously Admissible Evidence

The government's principally argues there is no prejudice because their amendments "narrows the bases upon which [Mr. Young] potentially may be convicted." In other words, the government believes there is no harm, thus no foul. The government argues that *United States v. Miller*, 417 U.S. 130 (1985), and other analogous cases hold the same. Unlike the governments cases and those highlighted in this court's 1/13/18 order, Mr. Young faces unique prejudice not reflected or contemplated in those holdings. These amendments do not result in dubious notice or trial-preparation prejudice, but rather these

amendments may potentially prevent Mr. Young from presenting evidence available before the change.

On January 9, 2018, at the final pre-trial conference, Mr. Young made arguments regarding the admissibility of certain Rule 412 evidence. Among other things, Mr. Young argued evidence of the complaining witness's prior sexual conduct rebutted allegations that Mr. Young enticed and recruited them. This Court instructed both parties to file supplemental briefs on the admissibility of the evidence. Two days later, the government filed this motion to strike the allegations contained in the indictment Mr. Young's Rule 412 argument and theory of defense relied on. It is undeniable the government's motion is an attempt to bar the Rule 412 evidence without having to successfully argue its inadmissibility.

By the government's logic, if Mr. Young is no longer charged with enticing and recruiting in this case, then Rule 412 evidence is no longer relevant and inadmissible. The Seventh, Tenth, Fourth, and D.C. Circuits each hold that amendments cannot prevent the accused from presenting evidence that was available before the amendment. *Mankarious*, 151 F.3d at 700-01; *Cook*, 745 F.2d at 1316-17; *United States v. Bledsoe*, 898 F.2d 430, 432 (4th Cir. 1990) (*abrogated on other grounds by United States v. Floresca*, 38 F.3d 706 (4th Cir. 1994)); *Kegler*, 742 F.2d at 195. The government's amendment here attempts to prevent Mr. Young from introducing Rule 412 evidence that would have been admissible to refute allegations that Mr. Young recruited and enticed the minors. *Id.* If this court grants the government's request, Mr. Young should still be permitted to present the Rule 412 evidence in the same manner he would have been able to without the amendment. *Id.*

### 3. The Alterations Unduly Surprise Mr. Young

The indictment was filed on February 9, 2017. The government has had nearly an

3

entire year to amend the indictment, but instead waited a mere four days before trial to alter the specific charges, and suspiciously two days after the final pre-trial conference. Such a delayed alteration undoubtedly causes undue surprise. *Compare Mankarious*, 151 F.3d 700-01 (leave to amend indictment granted when filed over *90 days* before trial) (emphasis added).

Allowing the government to amend the indictment the eve before trial would severely prejudice Mr. Young, and circumvent his right to have an adequately prepared defense. Mr. Young will have to rework the opening statement, cross-examinations, direct examinations, and closing argument in order to adequately prepare for trial, all within less than a week.

<u>**Conclusion**</u>

Four out of the five factors enumerated by the *Mankarious* Court weigh against the propriety of the government's requested amendment. The mere fact that the amendment is definite and certain does not pardon the amendment's inherent and substantial prejudice. Thus, Mr. Young respectfully requests that this Honorable Court deny the government's motion to amend the indictment.

Respectfully submitted,

/s/ Gal Pissetzky
Gal Pissetzky
53 W. Jackson Blvd., Suite 1515
Chicago, IL 60604
(312) 566-9900

**CERTIFICATE OF SERVICE**

The undersigned, Gal Pissetzky, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the

**RESPONSE TO GOVERNMENT'S MOTION TO STRIKE ALLEGATIONS IN THE INDICTMENT**

was served, on January 15, 2018, pursuant to the district court's ECF filers to the following:

      Assistant United States Attorney
      Northern District of Illinois

                    Respectfully submitted,

                    /s/ Gal Pissetzky
                    Gal Pissetzky
                    53 W. Jackson Blvd., Suite 1515
                    Chicago, IL 60604
                    (312) 566-9900