UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | No. 17 CR 82 |
|---|---|
| v. | |
| ALLEN YOUNG | Judge Edmond E. Chang |

**GOVERNMENT'S SUPPLEMENTAL MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE PURSUANT TO RULE 412**

The UNITED STATES OF AMERICA, through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits this supplemental motion *in limine* to exclude evidence of the minor victims' other sexual conduct.

As a preliminary matter, this Court raised a question regarding whether defendant can testify that he was approached by a minor(s) and that the minor recruited defendant as her pimp or otherwise enticed him to be a pimp. The government continues to believe that this is not a valid defense.[1] Even if defendant did not recruit or entice the minors, and instead the minors recruited or enticed him as a pimp (which is fundamentally inconsistent with the legal rule that a minor cannot consent to this type of sexual activity), defendant still would be guilty of doing other things prohibited by the statute.

For example, regardless of *why* he decided to do so, defendant still drove minor victims to dates where the minors exchanged sex for money. This is transporting. Transporting a minor for commercial sex acts is still illegal, irrespective of defendant's reasons for doing so (that he was

---

[1] If the Court rules that this is a valid defense, the government requests that the Court hold the matter in abeyance pending defendant's decision as to whether to testify. No defense filing to date has articulated this defense. In the absence of defendant substantiating this theory (which is not what he told agents after his arrest), it should not be the basis of extensive cross-examination of the minor victims. If defendant testifies consistently with this theory, then the defense, to the extent that they desire, would have an opportunity to recall the minor victims in their case.

recruited/enticed or had some other motive). Likewise, defendant provided a place for some of the minors to live, provided a place for the minors to stay while they waited for calls from backpage.com, and taught them how to evade law enforcement. This is harboring. Harboring a minor for purposes of having her engage in commercial sex acts is illegal, regardless of defendant's reasons for doing so. Defendant had sex with the minors. This is obtaining. Having sex with (obtaining) a minor in connection with a commercial sex business is illegal, regardless of defendant's reasons for doing so. Defendant provided money for hair, makeup, and nails, provided condoms, and bought the minors' cell phones. This is maintaining. Maintaining a minor in the context of a commercial sex business is illegal, regardless of defendant's reasons for doing so. Defendant wrote the backpage,com ads, purchased the backpage.com ads, facilitated dates with customers, and provided the car that he used to bring the minors to the dates. This is providing a minor for a commercial sex act. Like the other acts above, providing a minor for commercial sex is illegal regardless of defendant's reasons for doing so.

Permitting the defense to use evidence of the minors' sexual history (aside from the sexual history directly relevant to the charges) to show that defendant was somehow duped into this arrangement is difficult to understand. The proposed defense does not negate defendant's guilt.

Defendant has now filed a supplemental brief that outlines the proposed cross-examination and argues that the minors' sexual histories form the basis of critical impeachment. Some of the proposed cross-examination is permissible irrespective of Rule 412 limitations. For example, the defense seeks to cross-examine the minor victims about inconsistencies in their statements to law enforcement—for example, that they initially denied being trafficked by defendant, before ultimately telling the agents the truth. The defense seeks to cross-examine the minors about a motive to lie, such as related to a rumor about Minor A having an STD. The defense seeks to cross-

examine the minors about their contact with one another, including conversations about defendant. The defense seeks to cross-examine the minors about their contact with defendant after the period of their trafficking. This is all permissible cross-examination (assuming that the questions satisfy rules of evidence other than Rule 412). These areas of questioning have nothing to do with the defense's proposed use of the witnesses' sexual history.

A cross-examination that includes questions about the minors' sexual history (other than sex with or arranged by defendant, as charged), by contrast, is not permissible. For example, defense counsel seeks to cross-examine as follows:

- They seek to ask Minors A and B about sex with other men, such as a man named Papi (including any inconsistencies in statements about Papi).

- They seek to ask Minors A and B about their work "on the stroll," meaning their prostitution activities on the street before and after they were trafficked by defendant. Relatedly, the defense seeks to cross-examine Minor B about her dislike of pimps.

- They seek to ask Minor A about her relationship with her then-boyfriend Rickeal, including Minor A's work for Rickeal after Minor A was trafficked by defendant. (The defense appears to suggest that it was Rickeal that trafficked the minors, not defendant, despite the substantial evidence linking defendant to the backpage.com ads he posted of the minors.)

Defendant says that this evidence "shows [the minors'] lack of credibility." It does not. There are inconsistencies in the minors' statements about defendant. The defense can question the minors about those inconsistencies. The minors' statements about men other than defendant (such as "Papi" or Rickeal), however, are not material and any impeachment value is low. *See* Fed. R. Evid. 412, Advisory Committee Notes (Rule 412 applies "whether offered as substantive evidence or for impeachment"). It is highly prejudicial to permit the defense to introduce other acts of prostitution for the purpose of demonstrating an inconsistency in her statements to law enforcement.

Defendant also says that the minors' prior acts of prostitution show that defendant was a "client who [sic] [the minors] freely used and manipulated," and that the minors "clearly wanted to do this [themselves] whether [defendant] was in the picture or not." R. 114. The defense is free to ask the minors whether they were working for themselves or for the defendant during the charged period of time. But whether the girls were prostitutes before or after the charged period of time is precisely what Rule 412 is intended to bar. *United States v. Elbert*, 561 F.3d 771, 776 (8th Cir. 2009) ("[E]vidence the children previously engaged in prostitution does not contradict evidence the children engaged in the acts of prostitution for which [defendant] has been charged").

Even were the Court to conclude that evidence concerning the victims' other sexual conduct is admissible under Rule 412, it nonetheless is inadmissible under Rule 403. Such evidence is irrelevant for the reasons discussed above; but even if marginally relevant, its relevance is substantially outweighed by the risk of unfair prejudice, the risk of undue delay, and confusion. It invites the jury to assume that the minor victims, simply because they worked or work as prostitutes, were "asking for it" or otherwise "deserved" to be trafficked. *See Wood v. Alaska*, 957 F.2d 1544, 1552-53 (9th Cir. 1992).

Most notably, although the defense has argued that it does not intend to ask the minors when they first started prostituting, who they were prostituted by, and the circumstances of their prior prostitution, the government certainly is entitled to do so if this Court rules that prior sexual history is admissible. For example, more than one of the victims was first pimped by their own mother, at a very young age. It remains the government's position that this neither makes it more or less likely that they were prostituted by defendant; but if the defense opens the door to this type of testimony, the government will elicit testimony that the minors' sexual backgrounds are far from immoral—they simply also were victimized by other people before they met defendant. This

is a detour. It becomes a trial within the trial and is peripheral to the real issues in the case. But it would be necessitated by the defense's argument.

                                          Respectfully submitted,

                                          JOHN R. LAUSCH, JR.
                                          United States Attorney

By:     <u>s/ Andrianna D. Kastanek</u>
          ANDRIANNA D. KASTANEK
          CHRISTINE O'NEILL
          Assistant United States Attorneys
          219 South Dearborn St., 5th Floor
          Chicago, Illinois 60604