UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALLEN YOUNG | No. 17 CR 82<br><br>Judge Edmond E. Chang |

**GOVERNMENT'S MOTION IN LIMINE REGARDING VICTIMS**

The UNITED STATES OF AMERICA, through its attorney, JOHN R. LAUSCH, JR. United States Attorney for the Northern District of Illinois, hereby respectfully submits the following *motion in limine* to exclude reference to victims' last names at trial.

The superseding indictment in this case charges defendant Allen Young with sex trafficking of Minors A, B, C, and E, and attempted sex trafficking of Minor D, in violation of 18 U.S.C. § 1591. It is anticipated that Minors A through E will testify at trial.

The government moves to exclude reference at trial to the victims' last names, and seeks an order from this Court that victims should be referred to by first name or by nickname only. The victims' anticipated testimony will contain sensitive details, including testimony that they had sex with customers in exchange for money, and that some victims had sex with defendant himself. The testimony will include details about how many customers they had sex with each day, what types of sex acts they performed, and how much customers paid for various sex acts.

For a victim, testifying against her former trafficker can be difficult, because, by its nature, the topic is emotionally sensitive. A victim's testimony is even more difficult if she believes that her future employers, family members, friends, and neighbors will learn about her past commercial sex acts. Excluding mention of the victims' last names will help protect them from future adverse personal and professional consequences relating to the subject matter of their testimony.

1

Several district courts have excluded mention of victims' full last names at trial, citing the privacy interests of the victims. *See, e.g., United States v. Campbell*, 770 F.3d 556, 560 n.1 (7th Cir. 2014) (referencing that victims testified at trial under their real first names); *United States v. Gardner*, No. 16 CR 20135, 2016 WL 5404207 at *4-5 (E.D. Mich. Sept. 28, 2016) (collecting cases); *United States v. Thompson*, 178 F. Supp. 3d 86, 96 (W.D.N.Y. 2016) ("Given the anticipated explicit and sensitive nature of the evidence in this case, the Government has a compelling interest" in limiting identification of the victims); *United States v. Paris*, No. 03:06-CR-64, 2007 WL 3124724 at *1 (D. Conn. Oct. 24, 2007) (excluding mention of adult and minor victims' full last names at trial, as the government has a "legitimate and substantial" interest in "protecting these witnesses from the likely adverse personal, professional and psychological consequences of publicly linking their identities to their past lives as sex workers."). As the *Gardner* court held, excluding evidence of the victims' full names is consistent with the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(8), which states that a victim has the "right to be treated with fairness and with respect for the victim's dignity and privacy." 2016 WL 5404207 at *6. Additionally, the government has an interest in encouraging crime victims, particularly victims of sex crimes, to testify by protecting them from some of the adverse consequences of their testimony. *See Thompson*, 178 F. Supp. 3d at 96.

To be sure, the general public has a "constitutional right of access to criminal trials." *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 603 (1982). However, that right is not "absolute," as a court can "inhibit the disclosure of sensitive information" when it is narrowly tailored to serve a compelling governmental interest. *Id*. at 607. In this case, the exclusion of the victims' last names, while otherwise allowing their testimony in open court, is narrowly tailored to serve the interest in protecting the victims' privacy rights. *See Thompson*, 178

F.Supp.3d at 96 ("the Court cannot envision a protective order [barring mention of victims' full last names] that is more narrowly tailored to serve the Government's compelling interests"); *see also Gardner*, 2016 W 5404207 at *4-5 (excluding mention of an adult victim's full last name at trial, explaining that use of the victim's full name "would add nothing substantive to her in-court testimony that cannot be supplied by the use of her first name and first initial of her last name").

        Respectfully submitted,

        JOHN R. LAUSCH, JR.
        United States Attorney

By:    *s/* Andrianna D. Kastanek
        ANDRIANNA D. KASTANEK
        CHRISTINE O'NEILL
        Assistant United States Attorneys
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5300