**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.1**
**Eastern Division**

UNITED STATES OF AMERICA

            Plaintiff,

v.                  Case No.: 1:17–cr–00082
                  Honorable Edmond E. Chang

Allen Young

            Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, May 9, 2018:

    MINUTE entry before the Honorable Edmond E. Chang: Status hearing held. Defendant is in custody and appeared in court, along with standby counsel. Defendant's motion to dismiss [153] is denied for the reasons discussed during the hearing: again, the motion primarily argues facts that are more appropriately presented under Rule 29. There is one aspect of the motion, however, that seeks to exclude the alleged victims' statements as not qualifying for the co–conspirator exemption. To the extent that the government relies on that exemption, the Court will review the government's prior proffer and explain the decision to Defendant. On the Rule 902(11) motion, Defendant argued against inferences to be drawn from the business records. The Court explained that Defendant may make arguments concerning inferences to the jury. Absent any concerns about authenticity or reliability of the records, and in light of the supplemental filing (which fixed the ATT certifications), R. 158, the government's Rule 902(11) motion [147] is granted. Defendant's motion [160] to introduce past prostitution history is denied insofar as it seeks to bring in all prior sexual history despite Federal Rule of Evidence 412. The case cited by the motion dealt with a recantation that should have been allowed under Rule 608(b) as impeachment. If there is some inconsistent statement by a witness that Defendant wants to introduce under that rule, then he may offer that during the trial (though he must ask for a sidebar first if it comprises prior sexual activity). So the prior order on Rule 412 stands. The Court ordered the presumptive disclosure of the alleged victims' last names to Defendant and the investigator (though protected by the protective order) absent a government motion; after the hearing, the government reported to the courtroom deputy that it would not be filing a motion and the government provided the last names of the victims to Defendant through Defendant's standby counsel. Emailed and mailed notice (slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at **www.ilnd.uscourts.gov**.